UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDY CORDRAY,

          Plaintiff,

     v.

CAROLYN W COLVIN, Acting Commissioner of Social Security,

          Defendant.

CASE NO. 2:15-CV-00791-BHS-DWC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

Noting Date: January 8, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI") benefits.

After considering the record, the Court concludes the ALJ erred when she failed to discuss significant and probative evidence contained in the opinions of consulting psychologists Dr. Jerry Gardner and Dr. John Robinson. Further, the ALJ provided only conclusory reasons for rejecting the opinions of examining physician Dr. Jennifer Benson, consulting physician Dr. Myrna Palasi, and examining psychologists Dr. Margaret Cunningham and Dr. Holly Petaja. Had the ALJ fully credited the opinions of these six doctors, the residual functional capacity would have included additional limitations. The ALJ's error is therefore not harmless, and this matter

should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On February 29, 2012, Plaintiff filed an application for SSI benefits, alleging disability as of January 1, 2002. *See* Dkt. 9, Administrative Record ("AR") 11, 91. The application was denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before Administrative Law Judge ("ALJ") Ruperta M. Alexis on April 15, 2013. *See* AR 25-44. A supplemental hearing was held before ALJ Alexis on October 29, 2013. *See* AR 45-74. In a decision dated January 30, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 11-20. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the opinions of (a) Dr. Jerry Gardner and Dr. John Robinson, (b) Dr. Jennifer Benson, (c) Dr. Myrna Palasi, (d) Dr. Margaret Cunningham, and (e) Dr. Holly Petaja; and (2) failing to properly consider the observations of DSHS staff. Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ properly weighed the medical opinion evidence from examining and consulting sources.**

Plaintiff contends the ALJ erred in her evaluation of the opinion evidence submitted by Dr. Gardner, Dr. Robinson, Dr. Benson, Dr. Palasi, Dr. Cunningham, and Dr. Petaja. Dkt. 11, pp. 2-13.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A.  <u>Failure to Discuss Significant, Probative Evidence</u>

Plaintiff maintains the ALJ erred when she gave great weight to the opinions of consulting psychologists Dr. Jerry Gardner, Ph.D. and Dr. John Robinson, Ph.D., yet failed to include all their opined limitations in the RFC assessment. Dkt. 11, pp. 10-12; 13, pp. 7-8. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Drs. Gardner and Robinson submitted RFC assessments as portions of Disability Determination Explanations. AR 84-86, 100-02. Both doctors found workplace stress may at times interfere with Plaintiff's ability to remember, her depression and anxiety would occasionally interfere with working with others and attending work on a consistent basis, and she is able to adapt to rare and non-complex changes. AR 85-86, 100-01. The ALJ gave significant weight to the opinions, except found "the evidence does not warrant any limitation in terms of dealing with coworkers." AR 17.

The ALJ decision does not include a discussion of Plaintiff's work attendance limitation of "attending work on a consistent basis." *See* AR 11-20. While the ALJ gave significant weight to the opinions of Drs. Gardner and Robinson, she did not include a work attendance limitation in the RFC. *See* AR 15, 17. Further, the ALJ did not discuss the work attendance limitation when explaining the weight given to the opinions. *See* AR 17.

Plaintiff's inability to attend work on a consistent basis is related to her ability to be employed and is therefore significant, probative evidence. *See* 20 C.F.R. § 404.1545(c) (the

1 | Commissioner must consider a claimant's RFC "for work activity on a regular and continuing
2 | basis"). As the ALJ failed to provide any discussion regarding the work attendance limitation,
3 | the Court cannot determine if the ALJ properly considered this limitation or simply ignored the
4 | evidence. Accordingly, the ALJ erred by failing to explain the weight given to Dr. Gardner's and
5 | Dr. Robinson's opinions regarding Plaintiff's limitations in attending work on a consistent basis.
6 | *See Provencio v. Astrue*, 2012 WL 2344072, *9 (D. Ariz., June 20, 2012) (finding the ALJ erred
7 | by giving "great weight" to a consultative examiner's opinion, yet ignoring parts of the opinion).

8 | "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
9 | F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
10 | claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*
11 | *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674
12 | F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific
13 | application of judgment" by the reviewing court, based on an examination of the record made
14 | "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at
15 | 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). An ALJ's failure to discuss
16 | a medical opinion is not harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).
17 | When the ALJ ignores significant and probative evidence in the record favorable to a claimant's
18 | position, the ALJ "thereby provide[s] an incomplete residual functional capacity [("RFC")]
19 | determination." *Id.* at 1161.

20 | The ALJ's failure to discuss portions of the opinions submitted by Drs. Gardner and
21 | Robinson resulted in an incomplete RFC. Furthermore, during the ALJ hearing, the vocational
22 | expert ("VE") Jerie Longacre testified an individual with Plaintiff's RFC would not sustain
23 | employment if she had an unexcused absence even one time in a month. AR 72. Had the ALJ
24 |

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

properly considered the work attendance limitations opined by Drs. Gardner and Robinson, she may have included additional limitations in the RFC and in the hypothetical questions posed to the VE. As the ultimate disability determination may change, the ALJ's failure to discuss the work attendance limitation is not harmless and requires reversal.[1]

### B. Failure to Provide Specific Reasons to Discredit Medical Opinions

Plaintiff asserts the ALJ failed to provide the specificity necessary to properly discredit the medical opinions of Dr. Benson, Dr. Palasi, Dr. Cunningham, and Dr. Petaja. *See* Dkt. 11, pp. 10-11.

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

---

[1] Plaintiff also argues the ALJ erred by failing to provide specific and legitimate reasons for rejecting Drs. Gardner's and Robinson's finding that Plaintiff should have limited contact with co-workers. Dkt. 11, p. 11. As the Court finds the ALJ has committed reversible error by failing to discuss significant, probative evidence contained in these doctors' opinions, the Court will not discuss Plaintiff's additional arguments related to Drs. Gardner and Robinson and recommends the entire opinions be reweighed on remand.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6

       *i.*     *Dr. Jennifer Benson, M.D.*

Dr. Jennifer Benson, M.D., an examining physician, performed a physical evaluation of Plaintiff on May 20, 2012. AR 340-43. Dr. Benson opined Plaintiff could walk or stand for four hours and sit for four hours in an eight-hour day. AR 343. She found Plaintiff was limited to lifting and carrying no more than 20 pounds occasionally and 10 pounds frequently and could occasionally climb, balance, stoop, kneel, crouch, and crawl. *Id.* Additionally, Dr. Benson opined Plaintiff "would need to be limited from working from heights and around heavy machineries." *Id.*

The ALJ gave some weight to Dr. Benson's opinion. AR 17. She adopted Plaintiff's lifting and carrying limitations; however, found "the evidence is not consistent with Dr. Benson's opinion that the claimant was limited to sitting and standing for only four hours each in an eight-hour day." *Id.*

The ALJ provided only a conclusory statement finding the evidence does not support Dr. Benson's opinion. She failed to identify any specific evidence contained within the "the evidence" which is inconsistent with Dr. Benson's opinion. Without more, the ALJ has failed to meet the level of specificity required to reject a physician's opinion. Therefore, the ALJ's single, conclusory statement that "the evidence is not consistent with Dr. Benson's opinion" regarding Plaintiff's sitting and standing limitations is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). Therefore, the ALJ erred.

1       Had the ALJ properly considered Dr. Benson's opinion, the RFC assessment and

2 hypothetical question posed to the VE may have included additional limitations. As the ultimate

3 disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at

4 1115.

5       *ii.*     *Dr. Myrna Palasi, M.D.*

6       On July 27, 2012, state agency medical consultant Dr. Myrna Palasi, M.D. submitted an

7 RFC assessment as a portion of a Disability Determination Explanation. AR 98-100. She opined

8 Plaintiff can stand and/or walk two hours and sit six hours in an eight-hour day, lift no more than

9 10 pounds, and occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs,

10 ladders, ropes, and scaffolds. AR 98-100. She found Plaintiff needs to avoid concentrated

11 exposure to vibrations. AR 99.

12       The ALJ gave limited weight to Dr. Palasi's opinion "indicating the claimant was limited

13 to sedentary exertion" because the opinion is "inconsistent with the claimant's treatment history

14 and performance on physical examinations. She has consistently been neurologically intact with

15 no motor or sensory deficit." AR 17, 18.

16       The ALJ provided only conclusory reasons for discrediting Dr. Palasi's opinion. The ALJ

17 failed to identify any evidence from Plaintiff's treatment history or physical examinations which

18 undermine the opinion. Further, there is no explanation as to how being neurologically intact

19 with no motor or sensory deficits is inconsistent with Dr. Palasi's opinion. The ALJ failed to

20 explain why her interpretation of the evidence, not Dr. Palasi's, is correct. The ALJ's findings do

21 not reach the specificity necessary to justify rejecting Dr. Palasi's opinion and are insufficient for

22 this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ has

23 erred. *See Embrey*, 849 F.2d at 421-22.

24

1    Had the ALJ properly considered Dr. Palasi's opinion, the RFC assessment and

2 hypothetical question posed to the VE may have included additional limitations. As the ultimate

3 disability decision may have changed, the ALJ's error is harmful. *See Molina*, 674 F.3d at 1115.

4    iii.    Dr. Margaret Cunningham, Ph.D. and Dr. Holly Petaja, Ph.D.

5    State agency examining psychologist Dr. Margaret Cunningham, Ph.D. performed a

6 psychological evaluation of Plaintiff on October 31, 2011. *See* AR 276-86. In a report dated

7 November 3, 2011, Dr. Cunningham opined Plaintiff is "unable to function in several areas

8 including social and occupational," and has problems remembering "what she is to do" and

9 attending to and following directions. AR 277, 279. Dr. Cunningham found Plaintiff has a global

10 assessment of functioning ("GAF") score of 40. AR 277.

11    Examining psychologist Dr. Holly Petaja, Ph.D. conducted a psychological evaluation of

12 Plaintiff in May of 2012. AR 335-38. Dr. Petaja opined Plaintiff's

> ability to understand, remember, and follow short, simple instructions is likely within normal limits. Her ability to reason appears limited. Her judgment appeared limited. Memory appeared variable. She was able to recall 3 of 3 objects immediately and 2 of 3 objects after a delay. Sustained concentration and persistence is limited. . . . [Plaintiff] reports that she is able to sustain attention for at least five minutes. Social interaction and interpersonal relationships are limited by mental health symptoms. She would likely have difficulty adapting to routine changes in a typical work setting.

AR 338.

   The ALJ gave limited weight to Dr. Cunningham's opinion indicating Plaintiff "was unable to function in several areas including social and occupational with a [GAF] score of 40." AR 17-18. The ALJ also gave Dr. Petaja's opinion limited weight "to the extent it indicates that the claimant is unable to sustain attention for longer than five minutes or to adapt to routine changes in a typical work setting[.]" AR 18.

The ALJ found the opinions of Drs. Cunningham and Petaja were "inconsistent with [Plaintiff's] mental treatment history, her performance on intellectual testing and mental status examinations, and her independent daily activities and social functioning set forth above." AR 18. Again, the ALJ has failed to provide the specificity necessary to justify the rejection of these two opinions. The ALJ simply listed categories of evidence without explaining how Plaintiff's treatment history, performance on intellectual testing and mental status examinations, and daily activities are inconsistent with Dr. Cunningham's and Dr. Petaja's opinions. For instance, the record contains at least three mental status examinations and it is unclear from the ALJ's decision which examinations and what findings within the examinations are inconsistent with these doctors' opinions. *See* AR 18, 276-86, 335-38, 436-44. The ALJ further failed to reference what intellectual test results contradict the two opinions or explain what daily activities or social functioning abilities are inconsistent with the opinions of Drs. Cunningham and Petaja. *See* AR 18, 439.

The ALJ's vague, conclusory statements are not sufficiently specific to justify giving limited weight to Dr. Cunningham's and Dr. Petaja's opinions and lack the specificity necessary for this Court to determine if the ALJ properly considered the evidence. Thus, the ALJ erred in giving limited weight to the opinions of Drs. Cunningham and Petaja. *See Embrey*, 849 F.2d at 421-22.

The RFC assessment and hypothetical question posed to the VE may have included additional limitations if the ALJ had properly considered the opinions of Dr. Cunningham and

1 Dr. Petaja. As these errors could change the ultimate disability determination, they are harmful
2 and require reversal. *See Molina*, 674 F.3d at 1115.[2]

3     *iv.*    *Defendant's Argument*

4     Defendant asserts the ALJ provided sufficiently specific reasons for rejecting the medical
5 opinion evidence. Dkt. 12. Specifically, Defendant argues the Court can make logical inferences
6 flowing from the ALJ's decision to determine if the ALJ properly rejected the medical opinions.
7 *See* Dkt. 12, p. 4, n. 2, p. 12. As the ALJ discussed medical evidence when finding Plaintiff was
8 not entirely credible, Defendant maintains the Court should apply those findings to the ALJ's
9 determination of the medical opinion evidence. *See id*.

10     The Court cannot "affirm the decision of an agency on a ground the agency did not
11 invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th
12 Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's
13 decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc*
14 rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v.*
15 *Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S.
16 194, 196 (1947) (other citation omitted)); *see also Molina*, 674 F.3d at 1121 ("we may not
17 uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery*
18 *Corp*, 332 U.S. at 196).

19     Here, the ALJ discussed medical evidence when determining Plaintiff was not entirely
20 credible. *See* AR 16. The ALJ, however, did not cite to the medical evidence when giving limited

---

[2] Plaintiff also alleges the ALJ failed to discuss significant, probative evidence contained in Dr. Cunningham's opinion. Dkt. 11, p. 5. As the Court has determined the ALJ committed harmful error by failing to provide specific and legitimate reasons for discounting Dr. Cunningham's opinion, the Court will not discuss Plaintiff's additional arguments related to Dr. Cunningham and recommends the ALJ reweigh the entire opinion on remand.

to weight to the opinions of Drs. Benson, Palasi, Cunningham, and Petaja. The Court cannot rely on the credibility finding to rationalize the ALJ's vague, conclusory reasons for discounting several medical opinions. Accordingly, the Court is not persuaded by Defendant's argument.

### (2) Whether the ALJ erred in failing to consider the observations of employees from the Washington State Department of Social and Health Services.

Plaintiff maintains the ALJ erred by failing to consider the lay witness observations submitted by two employees from the Washington State Department of Social and Health Services ("DSHS") who helped Plaintiff submit Disability Reports. Dkt. 11, p. 13. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even if the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis*, 236 F.3d at 512.

While assisting Plaintiff with a Disability Report, Sarah Funston, a DSHS employee, observed Plaintiff had a flat affect, appeared to be in pain, and appeared to have symptoms of a memory deficit. AR 230. A second DSHS employee observed Plaintiff was visibly in pain and suffered from a severe memory deficit. AR 262. In her decision, the ALJ did not discuss the observations. *See* AR 18.

Defendant argues the DSHS employees' observations are not significant, probative evidence and therefore did not need to be discussed by the ALJ. Dkt. 12, pp. 16-17. Regardless of whether the ALJ erred in failing to discuss the DSHS employees' observations, any error is harmless.

1       "[A]n ALJ's failure to comment upon lay witness testimony is harmless where 'the same

2 evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay

3 witness's claims.'" *Molina*, 674 F.3d at 1122 (*quoting Buckner v. Astrue,* 646 F.3d 549, 560 (8th

4 Cir. 2011)).The DSHS employees' observations did not describe any limitations beyond those

5 described by Plaintiff. *See* AR 15-16, 230, 262. Plaintiff does not argue the ALJ erred in

6 discrediting Plaintiff's testimony and the Court finds the ALJ rejected Plaintiff's described

7 limitations with clear and convincing reasons. Specifically, the ALJ found Plaintiff's testimony

8 was contradicted by Plaintiff's activities of daily living, the medical evidence of record, and

9 inconsistent reports regarding her previous employment. *See* AR 15-17. Because Plaintiff and the

10 DSHS employees reported similar limitations, the ALJ's analysis and reasoning for rejecting

11 Plaintiff's testimony "apply with equal force" to the DSHS employees' observations. *Molina*,

12 674 F.3d at 1122.

13       Accordingly, any error in failing to discuss the DSHS employees' observations is

14 harmless. *See id.* at 1117-22 (finding harmless error where the ALJ failed to discuss testimony

15 from family members when the testimony from the family members did not describe limitations

16 beyond those described by the claimant, whose testimony the ALJ properly discredited).

17 CONCLUSION

18       Based on the above stated reasons, and the relevant record, the undersigned recommends

19 this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

20 Acting Commissioner for further proceedings. Specifically, the undersigned recommends, on

21 remand, the ALJ be instructed to (1) reweigh the opinion evidence of Drs. Gardner, Robinson,

22 Benson, Palasi, Cunningham, and Petaja; and (2) reevaluate Plaintiff's RFC and proceed with the

23

24

1 remaining steps of the sequential evaluation process. The undersigned also recommends

2 judgment be entered for Plaintiff and the case be closed.

3 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

6 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 8,

8 2016, as noted in the caption.

9 Dated this 23rd day of December, 2015.

David W. Christel
United States Magistrate Judge